OPINION OF THE COURT
C. Raymond Radigan, J.
On March 23, 1999, the court rendered its decision, after trial, on the objections to the executor’s account and surcharged the fiduciary on those objections that were sustained by the evidence. The decision was reduced to an order on April 12, 1999 which was served upon the executor on or about April 15, 1999. The executor has not satisfied the surcharges to date. As a *506 result, the objectants now move for an order compelling the executor to pay them their due. In addition, the objectants move for an order compelling the executor to bring his accounting down to the date of his removal, at his own expense. The executor opposes the motion and argues that this application is an inappropriate procedural path to enforce the functional equivalent of a money judgment. In addition, the executor asks the court to stay the payment of the surcharges for 90 days pending a decree on the final and updated accounting.
The executor’s objection to the procedural aspects of this application alludes to the usual manner of collecting money awarded by the Surrogate, i.e., filing a transcript of the order or decree with the County Clerk in order to allow an execution to issue out of the Supreme Court. Nonetheless, a decree or order of the Surrogate’s Court has the same effect as a similar judgment, decree, or order made by the Supreme Court and may be enforced in a like manner. Therefore, if the Surrogate’s Court issues a decree or order awarding possession of real or personal property or granting a money judgment, the same enforcement devices that are available in the Supreme Court under CPLR articles 51 and 52 are available to the Surrogate, save one, the execution (SCPA 605). In addition, SCPA 606 and 607 also provide for enforcement of a decree or order of the Surrogate’s Court by punishment for contempt (1 Warren’s Heaton on Surrogates’ Courts § 10.05 [6th ed rev]). Therefore, a motion for an order directing the “judgment debtor” to pay money due on a surcharge is properly placed before the Surrogate (cf., CPLR 5225 [a]; 5226; SCPA 607). Indeed, the statutes expressly contemplate the contempt sanction as a remedy for the failure to obey such an order. That being said, the court notes that an order already exists that obliges the executor to satisfy a monetary obligation in the form of surcharges. It does not give a time frame for its obeyance. Therefore, the objectants’ motion is granted to the extent of ordering the executor to pay the surcharges within 60 days of service of a copy of this order. If the objectants contemplate an eventual need to resort to the contempt powers of the court, then they are advised to comply with SCPA 607 and serve a certified copy of this order upon the executor. That portion of the objectants’ motion that seeks to bring the accounting down to the date of the executor’s removal is granted. The executor shall supplement his account within the same 60-day period.
*507 The executor’s cross motion for a stay of payment on the surcharges is denied. The executor’s obligation is already one year old and his appeal from that order has been dismissed. His pending appeal from the denial of his reargument motion is unlikely to bear fruit because it is unappealable (Iadarola v Orthopedic Inst., 202 AD2d 393).